IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-62264-CIV-COHN
Magistrate Judge Snow

INTERNATIONAL FIDELITY INSURANCE COMPANY,

    Plaintiff,

v.

PRM ENGINEERING and CONTRACTING, INC.,
BARNES FERLAND & ASSOCIATES, INC.,
PAUL R. MARSENISON and MARYANNA MARSENISON
RONALD P. FERLAND and ANN ROBERSON FERLAND
PATRICK A. BARNES and JANICE D. BARNES and
JOHN D. WATSON and LESLIE L. WATSON,

    Defendants.
_____/

## BARNES FERLAND & ASSOCIATES, INC.'S, THE BARNES' and THE FERLANDS' ANSWER and AFFIRMATIVE DEFENSES

Defendants, BARNES FERLAND & ASSOCIATES, INC. (hereinafter "BFA"), RONALD P. FERLAND and ANN ROBERSON FERLAND (hereinafter the "Ferlands"), PATRICK A. BARNES and JANICE D. BARNES (hereinafter the "Barnes'") and JOHN D. WATSON and LESLIE L. WATSON (hereinafter the "Watsons") by and through their undersigned counsel, hereby files this its Answer and Affirmative Defenses to the Plaintiff's Complaint as follows:

1. BFA, the Barnes', the Ferlands and the Watsons admit that there is diversity between the Plaintiff and the Defendants and further admit that the matter in controversy exceeds the sum of $75,000 exclusive of fees and costs, but denies that Plaintiff is entitled to any affirmative relief against this Defendant.

2. Admitted.

<u>Case No. 03-62264-CIV-COHN</u><br>**Magistrate Judge Snow**

## PARTIES

3. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to Plaintiff's corporate organization and areas of business, and therefore deny the allegations contained in Paragraph 3 and demands strict proof thereof.

4. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to PRM's specific corporate organization, and therefore deny the allegations contained in Paragraph 4 and demands strict proof thereof.

5. Admitted.

6. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to the allegations contained in Paragraph 6 and therefore deny same and demands strict proof thereof.

7. Admitted.

8. Admitted.

9. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to the allegations contained in Paragraph 9 and therefore deny same and demands strict proof thereof.

10. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 10 and demand strict proof thereof.

## FACTS

11. BFA, the Barnes', the Ferlands and the Watsons restate and incorporate by reference their response to paragraphs 1 through 10 as if fully set forth herein.

**PARDO & GAINSBURG, LLP**
One Biscayne Tower • 2 South Biscayne Blvd. • Suite 2475 • Miami, Florida • 33131 • TEL. (305) 358-1001 • FAX (305) 358-2001

12. Admitted.

13. Admitted.

14. BFA, the Barnes', the Ferlands and the Watsons admit that International issued Surety Performance and Payment Bonds No. SEIFSU 0318049, and affirmatively state that the bond speaks for itself.

15. Admitted.

16. The bond speaks for itself.

17. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to the allegations in Paragraph 17 and therefore deny same and demand strict proof thereof.

18. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to the allegations in Paragraph 18 and therefore deny same and demand strict proof thereof.

18.[1] BFA, the Barnes', the Ferlands and the Watsons admit that they executed an Agreement of Indemnity, but deny the remainder of Paragraph 17 and demand strict proof thereof.

19. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to the allegations contained in Paragraph 19 and therefore deny same and demand strict proof thereof.

20. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 20 and demand strict proof thereof.

21. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to the

---

[1] There are two (2) different paragraphs in Plaintiff's Complaint numbered 18.

3

*Case No. 03-62264-CIV-COHN*
Magistrate Judge Snow

Plaintiff's relationship with its counsel, but deny that they are obligated to pay any fees or costs for such counsel and demand strict proof thereof.

22. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 22 and demand strict proof thereof.

23. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 23 and demand strict proof thereof.

## COUNT I
### (Exoneration and Quia Timet Relief)

24. BFA, the Barnes', the Ferlands and the Watsons restate and reincorporate by reference their responses to Paragraphs 1 through 23 as if fully set forth herein.

25. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 25 and demand strict proof thereof.

26. BFA, the Barnes', the Ferlands and the Watsons admit that the Plaintiff demanded security in the amount of $600,000, but deny that these Defendants were obligated to post such security and demand strict proof of such allegations.

27. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 27 and demand strict proof thereof. BFA, the Barnes', the Ferlands and the Watsons further deny that they have any obligation to make the payments that are being claimed.

28. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 28 and demand strict proof thereof.

**PARDO & GAINSBURG, LLP**
One Biscayne Tower • 2 South Biscayne Blvd. • Suite 2475 • Miami, Florida • 33131 • TEL. (305) 358-1001 • FAX (305) 358-2001

29. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 29 and demand strict proof thereof. BFA, the Barnes' and the Ferlands further deny that they have any obligation to make the payments that are being claimed.

30. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 30 and demand strict proof thereof.

31. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 31 and demand strict proof thereof.

32. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 32 and demand strict proof thereof.

## COUNT II
### (Indemnification)

33. BFA, the Barnes', the Ferlands and the Watsons restate and reincorporate by reference their responses to Paragraphs 1 through 23 as if fully set forth herein.

34. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 34 and demand strict proof thereof.

35. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 35 and demand strict proof thereof.

36. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 36 and demand strict proof thereof.

37. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 37 and demand strict proof thereof.

38. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 38 and demand strict proof thereof.

39. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 39 and demand strict proof thereof. BFA, the Barnes', the Ferlands and the Watsons further deny that they have any obligation to make the payments that are being claimed.

40. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 40 insofar as BFA has not only requested that the Plaintiff oppose the claims being asserted, but has also offered to defend against such claims in litigation. Moreover, in at least one instance, BFA undertook to defend the Plaintiff in litigation, but the Plaintiff, without BFA's knowledge or consent, substituted its own counsel for counsel retained by BFA and continued to litigate that matter on its own behalf.

41. BFA, the Barnes', the Ferlands and the Watsons are without knowledge as to any agreements between PRM and the Plaintiff and therefore deny the allegations contained in Paragraph 41 and demand strict proof thereof.

42. BFA, the Barnes', the Ferlands and the Watsons deny the allegations contained in Paragraph 42 and demand strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

The individuals and entities asserting claims against the Plaintiff, for which Plaintiff asserts present or future liability, have been fully paid for all labor, material, services and/or equipment incorporated into the project.

## SECOND AFFIRMATIVE DEFENSE

PRM, the entity in privity with the individuals and entities asserting claims against the Plaintiff, has received payment for the labor, services, equipment and materials provided by such

6

**PARDO & GAINSBURG, LLP**
One Biscayne Tower • 2 South Biscayne Blvd. • Suite 2475 • Miami, Florida • 33131 • TEL. (305) 358-1001 • FAX (305) 358-2001

<u>Case No. 03-62264-CIV-COHN</u>
**Magistrate Judge Snow**

individuals and entities. It is for these claims that Plaintiff asserts present or future liability. Consequently, PRM is the party responsible for making the payments demanded.

### THIRD AFFIRMATIVE DEFENSE

There are set-offs, reductions and backcharges to the amounts being asserted by the respective claimants, as a result of improper or incomplete work, defects or deficiencies and delays in completion of the relevant work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has thus far failed to mitigate its damages and Plaintiff is therefore precluded from recovering on its claim any money for full or partial payments which were unnecessary and could have been avoided through the exercise of reasonable care and diligence.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff (and any successors in interest and assignees) have received or may receive benefits, settlements, payments and/or any credits from any individual or entity, the actual amount or value of such constitutes a benefit or collateral source which must be set-off so as to reduce the amount of any ultimate judgment entered against BFA, the Barnes', the Ferlands and/or the Watsons in this litigation pursuant to Fla. Stat. § 768.76.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff (and any successors in interest and assignees) have or may reach a compromise or settlement with, or have delivered or may in the future deliver a release or covenant not to sue to PRM or to any other person, firm, corporation or entity, in full or partial satisfaction of the damages sued for, the claims herein are barred, and if not barred, then BFA, the Barnes', the Ferlands and the Watsons are entitled to a set-off or reduction in the amount of any verdict entered against it in this cause to the extent of the consideration for such release or settlement or covenant

not to sue pursuant to § 768.041, Fla. Stat.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff (and any successors in interest and assignees) may have accepted or may accept payments or other things of value from PRM or some other person, firm, corporation or entity, in payment for any labor, service, equipment or materials provided, it is thereby estopped from seeking any additional damage remedy against BFA, the Barnes', the Ferlands and/or the Watsons for the same labor, service, equipment or materials provided.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff does not have a right to exoneration and/or quia timet relief insofar as it has not met the requirements for such relief.

### CROSSCLAIM AGAINST PRM

### COUNT I
### INDEMNITY

1. This is an action for indemnity.

2. PRM is a corporation organized and existing under the laws of the State of Florida, doing business in, including but not limited to, Miami-Dade County, Florida.

3. Venue is proper on grounds that the project that is the subject of this lawsuit is located in Miami-Dade County and a suit has been filed with respect to this project by International Fidelity Insurance Company. (hereinafter "International").

4. BFA, the Barnes' the Ferlands and the Watsons (collectively "BFA") seek damages in excess of Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest, costs and attorney's fees.

PARDO & GAINSBURG, LLP
One Biscayne Tower • 2 South Biscayne Blvd. • Suite 2475 • Miami, Florida • 33131 • TEL. (305) 358-1001 • FAX (305) 358-2001

<u>Case No. 03-62264-CIV-COHN</u>
**Magistrate Judge Snow**

5.     International has demanded payment from BFA for monies allegedly due to International for payments made and contemplated to be made to PRM's sub-subcontractors, suppliers, laborers and/or materialmen for labor, services, materials and/or equipment provided for the construction of the project that is the subject of this action (hereinafter the "Project").

6.     International's claims against BFA arise out of PRM's failure to pay its sub-subcontractors, suppliers, laborers and/or materialmen monies that may have been or may continue to be due and owing to such sub-subcontractors, suppliers, laborers and/or materialmen for labor, services, materials and/or equipment provided to the Project.

7.     As a result, BFA has been compelled to defend against International's claims that it has had to pay and will continue to be required to pay monies to PRM's sub-subcontractors, suppliers, laborers and/or materialmen who have asserted claims against International's bond on the Project.

8.     BFA has paid PRM for its sub-subcontractors, suppliers, laborers and/or materialmen's labor, services, materials and equipment incorporated into the Project. Therefore, to the extent that BFA may be forced to pay International because PRM failed to pay its sub-subcontractors, suppliers, laborers and/or materialmen, BFA's liability to International is derivative due to the fact that the complained-of damages were the result of the actions and/or failures of Defendant, PRM. Furthermore, to the extent there is any liability on the part of BFA, such liability is passive, whereas PRM's negligence and/or malfeasance was primary and active.

9.     To the extent that BFA is liable to International by virtue of International's claims, PRM is liable to BFA for all such sums.

10.    To the extent that BFA may be forced to pay additional monies as a result of PRM's failure

**PARDO & GAINSBURG, LLP**
Tower • 2 South Biscayne Blvd. • Suite 2475 • Miami, Florida • 33131 • TEL. (305) 358-1001 • FAX (305) 358-2001

to pay its sub-subcontractors, suppliers, laborers and/or materialmen for any of its labor, services or materials, any liability on the part of BFA is purely vicarious, constructive, derivative or technical. Thus all payments that may be required from BFA to Rinker would be due to PRM's failures and/or malfeasance.

## COUNT II
## STATUTORY CONTRIBUTION

11.   This is an action for contribution under Florida Statutes section 768.31.

12.   BFA realleges and incorporates paragraphs 2 through 7 as if fully set forth herein.

13.   BFA has paid PRM for at least a portion, if not all, of the amounts being sought by PRM's sub-subcontractors, suppliers, laborers and/or materialmen's for their labor, services, materials and equipment incorporated into the Project. Therefore, to the extent that BFA may be forced to pay International because PRM failed to pay its sub-subcontractors, suppliers, laborers and/or materialmen, BFA's liability to International is, at most, co-existent with PRM to the extent that PRM received monies from BFA which it failed and refused to pay to its sub-subcontractors, suppliers, laborers and/or materialmen. In the event there is any liability to International on the part of BFA, such liability is secondary, whereas PRM's negligence and/or malfeasance was primary and active.

14.   To the extent that PRM is found to be liable to International by virtue of International's claims, predicated upon PRM's failure and refusal to pay its sub-subcontractors, suppliers, laborers and materialmen, PRM must contribute to any payments made or to be made to International in an amount not less than the percentage for which PRM is found liable.

15.   To the extent that BFA may be forced to pay monies as a result of PRM's failure to pay its sub-subcontractors, suppliers, laborers and/or materialmen for any of its labor, services or materials,

<u>*Case No. 03-62264-CIV-COHN*</u>
Magistrate Judge Snow

any liability on the part of BFA is purely secondary to PRM's liability. Thus to the extent liability exists as a result of PRM's failure and refusal to make the appropriate payments to its sub-subcontractors, suppliers, laborers and/or materialmen, such payments would be PRM's liability would be primary and PRM must, therefore, be liable to BFA for contribution to that extent.

WHEREFORE, BFA demands judgment against PRM for all compensatory damages, prejudgment and post-judgment interest, attorneys' fees and any further relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant, BFA, hereby demands a jury trial on all issues so triable as of right.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent this 23rd day of February, 2004 to **Neil Henrichson, Esq. and Helen H. Albee, Esq**, Henrichson Siegel Moore, 1648 Osceola Street, Jacksonville, Florida 32204 and to **Nestor Bustamante, Esq.**, Ferencik, Libanoff Brandt & Bustamante, P.A., 150 South Pine Island Road, Suite 400, Ft. Lauderdale, Florida 33324.

Respectfully submitted,

PARDO & GAINSBURG, LLP
Attorneys for BFA
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2475
Miami, Florida 33131
Telephone: (305) 358-1001

By: [signature]
STEVAN J. PARDO
Fla. Bar No. 438626
ELISSA GAINSBURG
Fla. Bar No. 995444