IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 03-62264-CIV-COHN
(Magistrate Judge Snow)

INTERNATIONAL FIDELITY INSURANCE
COMPANY,

      Plaintiff,

v.

PRM ENGINEERING & CONTRACTING,
INC., BARNES, FERLAND & ASSOCIATES,
INC., PAUL R. MARSENISON, MARYANNA
MARSENISON, RONALD P. FERLAND,
ROBERSON FERLAND, PATRICK A.
BARNES, JANICE D. BARNES, JOHN D.
WATSON, and LESLIE WATSON,

      Defendants.



_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF PRM ENGINEERING & CONTRACTING, INC., PAUL R. MARSENISION AND MARYANNA MARSENISON TO COMPLAINT**

COME NOW the Defendants, PRM ENGINEERING & CONTRACTING, INC., PAUL R. MARSENISON AND MARYANNA MARSENISON (hereinafter collectively referred to as "PRM Defendants"), by and through their undersigned counsel, and hereby answer the Complaint filed by the Plaintiff, INTERNATIONAL FIDELITY INSURANCE COMPANY, as follows:

## ANSWER

1.    Admitted for jurisdictional purposes only.

2.    Admitted for jurisdictional purposes only.

3. PRM Defendants lack knowledge and demand strict proof thereof.

4. Admitted.

5. PRM Defendants lack knowledge and demand strict proof thereof.

6. Admitted.

7. PRM Defendants lack knowledge and demand strict proof thereof.

8. PRM Defendants lack knowledge and demand strict proof thereof.

9. PRM Defendants lack knowledge and demand strict proof thereof.

10. Denied.

11. PRM Defendants restate and incorporate the answers to paragraphs 1 through 10 above as if fully set forth herein.

12. Admitted.

13. Admitted.

14. The documents speak for themselves.

15. The document speaks for itself.

16. The documents speak for themselves.

17. The document speaks for itself.

18. The document speaks for itself.

18. The document speaks for itself.[1]

19. The document speaks for itself.

20. PRM Defendants lack knowledge and demand strict proof thereof.

21. Denied.

---

[1] The Complaint has two paragraphs numbered 18 and this Answer will correspond to each numbered paragraph of said Complaint.

22. Denied

23. Denied.

24. PRM Defendants hereby restate and incorporate the Answers contained in paragraphs 1 through 23 above as if fully set forth herein.

25. PRM Defendants lack knowledge and demand strict proof thereof.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. PRM Defendants hereby restate and incorporate the Answers contained in paragraphs 1 through 23 above as if fully set forth herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted.

41. Denied.

42. PRM Defendants lack knowledge and demand strict proof thereof.

CASE NO. 03-62264-CIV-COHN
(Magistrate Judge Snow)

## AFFIRMATIVE DEFENSES

43. As and for their First Affirmative Defense, PRM Defendants state Plaintiff is not entitled to indemnity for any claims paid or to be paid to claimants lacking duly perfected bond rights or entitlement to recover against the subject payment bonds. Any payments Plaintiff made or will make to claimants without fully perfected bond rights are voluntary payments for which Plaintiff may not be indemnified.

44. As and for their Second Affirmative Defense, PRM Defendants state Plaintiff failed to mitigate its damages by failing and refusing to settle claims against the bond until after lawsuits were brought, thereby increasing Plaintiff's liability for interest, attorney's fees and costs that could have been avoided with an earlier settlement.

45. As and for their Third Affirmative Defense, PRM Defendants state Plaintiff is not entitled to recover prevailing party attorney's fees, as the clause upon which Plaintiff relies for an award of same is not a properly worded prevailing party attorney fee clause.

46. As and for their Fourth Affirmative Defense, PRM Defendants state Plaintiff is not entitled to exoneration or *quia timet* relief because Plaintiff has an adequate remedy at law and, therefore, equitable relief is not available.

47. PRM Defendants requests an award of prevailing party attorney's fees pursuant to Sections 627.428 and 627.756, Fla. Stats.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by mail to: **Helen Heim Albee, Esq.** and **Neil L. Henrichsen, Esq.**, Henrichsen, Siegel, Moore, Attorneys for Plaintiff, 1648 Osceola Street, Jacksonville, FL 32204 and **Steven J. Pardo, Esq.** and **Elissa**

CASE NO. 03-62264-CIV-COHN
(Magistrate Judge Snow)

**Gainsburg, Esq.**, Attorneys for BFA Defendants, One Biscayne Tower, 2 South Biscayne Blvd., Suite 2475, Miami, Florida 33131, on this 22nd day of March, 2004.

          BECKER & POLIAKOFF, P.A.
          Attorneys for Defendants,
          PRM and MARSENISONS
          3111 Stirling Road
          Ft. Lauderdale, Florida 33312
          (954) 985-4147 (Broward);
          (954) 985-4176 (Facsimile)
          lweintraub@becker-poliakoff.com

          By: _____
               LEE A. WEINTRAUB
               Florida Bar No. 940704

838998_1 DOC
03/22/04